9558

SHELTON v. SOUTHERN COTTON OIL CO.

(90 S. E. 751.)

1. Railroads—Right to Lease Right of Way—"Railroad Purposes."— A railroad has the right to lease a portion of its right of way to a shipper for use as a warehouse and storage room, in connection with the shipping and transportation of cotton seed over its line, where the right of way is used for collecting and facilitating the moving of freight; as the use comes within the term "for railroad purposes."

2. Landlord and Tenant—Existence of Relationship—Question for Jury.—In an action against a cotton oil company for arrears of rent under an alleged lease, whether there was sufficient evidence to establish plaintiff's claim that defendant was his tenant, having taken possession of a lot leased from plaintiff by defendant's predecessor, and so liable for the rent of the building and lot, *held* for the jury.

3. Landlord and Tenant—Right to Lease Railroad Land—Question for Jury.—In an action against a cotton oil company for arrears of rent under an alleged lease covering land across which a railway was

laid, whether plaintiff had the right to lease the land for the erection of buildings thereon, and a right to the rentals until the land was required by the railroad for railroad purposes, and until notice was served by the road requiring the buildings to be removed so that the land could be used for railroad purposes, *held,* for the jury.

Before RICE, J., Winnsboro, Fall term, 1915.   Affirmed.

Action by W. J. Shelton against the Southern Cotton Oil Company.   From a judgment for defendant, plaintiff appeals.

*Messrs. Lyles & Lyles,* for appellant, cite: *As to relation of landlord and tenant:* 44 S. C. 462; Civil Code 3497 and 3499; Code Civil Proc., sec. 131; 1 N. & McC. 369-371; 4 Rich. L. 590; 55 Am. Dec. 770; 41 S. C. 136.   *Motion for new trial:* 19 S. C. 491; 21 S. C. 550; 45 S. C. 529.   *Bar of statute:* 30 S. C. 492; 49 S. C. 1; 81 S. C. 310; 93 S. C. 165.
    *Mr. W. D. Douglas,* also for appellant, cites: *As to right of railroad:* XI Stats. 482, sec. 11; 60 S. C. 381; 9 L. R. A. 295; 66 Miss. 595; 6 So. 709.

*Messrs. Thomas & Lumpkin* and *D. W. Robinson,* for respondent, cite: *As to grant for railroad uses:* 67 S. C. 549, 551; 72 S. C. 229; 60 S. C. 387; 82 S. C. 35; 63 S. C. 269; 36 L. R. A. (N. S.) 513-520; 175 U. S. 99; 30 L. R. A. 536-537; 139 U. S. 128; 180 U. S. 452; 155 Fed. 498, 499. *Amendment stating new action:* 21 S. C. 225 and 242; 80 S. C. 217; 74 S. C. 243; 79 S. C. 272; 83 S. C. 559; 74 S. C. 243; 80 S. C. 217; 158 U. S. 293, 295; 32 S. C. 15; 43 S. C. 229, 230, 232.   *Res judicata:* 220 Fed. 247; 136 C. C. A. 509; 36 S. C. 594; 84 S. C. 196; 17 S. C. 40; 226 Fed. 1023;

---

FOOTNOTE.—As to right of railroad company to permit use of right of way or station grounds by a private individual, see note in 22 A. & E. Ann. Cas. 1912a, 180 to 182, 36 L. R. A. (N. S.), 512 to 521.

168 U. S. 48, 49; 91 U. S. 526; 62 S. E. 517; 148 N. C. 445; 77 S. C. 498, 499; 215 U. S. 257; 90 S. C. 231; 4 McC. 21, 22 and 23; 2 N. & McC. 205; 87 S. C. 132, 133; 68 S. C. 210. *Limitations, penal statute:* 81 S. C. 578; 83 S. C. 578; Civil Code 3497; 62 S. C. 176, 177; 29 S. C. 246; 88 S. E. 529. *Time runs to amendment:* 158 U. S. 297; Wood Limitations 14; 43 S. C. 229-232; 32 S. C. 145. *Nature of action:* 1 Bailey 529; 2 Bl. Com. 41; 74 S. C. 298, 299; 47 S. C. 123; 42 S. C. 492-500; 84 S. C. 108; 98 S. C. 176, 177; 93 S. C. 166.

November 29, 1916.

The opinion of the Court was delivered by MR. JUSTICE FRASER.

The plaintiff brought this action upon an alleged rent contract with the defendant for arrears of rent and the penalty under the statute for failure of the tenant to surrender the possession upon demand of the plaintiff as landlord. The plaintiff based his right of action on his title in fee to the land. The plaintiff claims to be the owner in fee of the land on both sides of the Southern Railway and to have leased a portion of the land adjacent to the railway to the Union Oil Manufacturing Company; that the Union Oil & Manufacturing Company sold its business to the Charleston Cotton Oil Mill and the Charleston Cotton Oil Mill in turn sold to the defendant. The plaintiff claims that it made a lease to the defendant, but the defendant refused to execute a written lease; that under said parol lease the plaintiff is entitled to $100 per annum, and under the penalty of the statute to double rent after its refusal to deliver the possession to the plaintiff.

The answer set up nine defenses, but, under the exceptions, only the first defense, which denied practically all the allegations of the complaint, need be considered.

1. The first exception is as follows: "Because, upon the request of the defendant, his Honor charged as follows, to wit: 'And a railroad has a right to lease a portion of its right of way to a shipper for use as a warehouse and storage room in connection with the shipping and transportation of cotton seed over its line.' 'Well, I will charge you that, gentlemen. I think that is good law, where the right of way is used for railroad purposes for collecting and facilitating the moving of freight, why I think it probably would come within the term "for railroad purposes." ' " As modified by the presiding Judge, there was no error.

2. "2. Because upon the motion for a new trial his Honor should have held that the evidence for the plaintiff, not controverted by the defendant, established that the plaintiff was seized in fee of the tract of land across which the Spartanburg & Union Railroad, now the Southern Railway, was laid and embracing the lots of land in dispute at the time of the erection of the seed houses in question and of the taking possession thereof by the Union Oil Mill and the Charleston Oil Mill & Manufacturing Company and by the defendant, the Southern Cotton Oil Company, and that it appeared by the evidence that the Union Oil Mill had taken possession of one lot of the land under the written lease duly executed and proven in this cause, and erected a house thereon, and that addition had been made to said house by the Southern Cotton Oil Company after it got possession of said house so erected by the Union Oil Mill, the said Southern Cotton Oil Mill having acquired the right of the Union Cotton Oil Mill and succeeded to its leasehold right in the lot in question; and, there being no evidence to show that the Southern Cotton Oil Company had ever sur-

rendered possession of said lots to the plaintiff, the jury was bound to find something for the plaintiff on account of the rental of the said building and the lot upon which the same is standing, and should have granted the motion for the new trial upon that ground."

"3. Because his Honor, upon the motion far a new trial, should have held that the evidence established the execution of a lease for one lot of land to the Charleston Oil Mill & Manufacturing Company by the plaintiff, and the proof further established that the Southern Cotton Oil Company succeeded to the rights of the Charleston Oil Mill during the currency of the lease, as proven, and that it took possession of the house so erected by the Charleston Oil Mill and has continuously used and occupied the same since said date, and has never surrendered the possession thereof to the plaintiff, and the jury should have found something for the plaintiff on account of the occupancy of said seed house and lot, and there was no evidence to the contrary, and should have granted the motion for a new trial on that ground."

The first defense put in issue the facts stated in these exceptions, and based its right to the possession on contracts with the Southern Railway and John G. Walling, Jr., and whether there was sufficient evidence to establish the plaintiff's claim was a question for the jury. These exceptions are overruled.

3. Exceptions 4 and 5 are as follows:

"4. Because upon the motion for a new trial his Honor should have held that, having charged the jury that, if they across which the said railroad was built, and that the railway company had only a right of way across the same, the plaintiff had the right to lease the said lots for the erection of buildings thereon, and would have a right to the rentals therefrom until the same were required by the railroad company for railroad purposes and until notice was served by the railroad company requiring said buildings to

be removed so that the land could be used for railroad purposes, the verdict of the jury was contrary to the charge in that respect, and had no evidence to support it, and should have granted the new trial upon that ground."

"5. Because upon the motion for a new trial his Honor should have held that the verdict of the jury was contrary to the charge of the Judge and to all of the evidence in the cause, and should have granted the new trial upon that ground."

These exceptions cannot be sustained. There was evidence that the houses in dispute were within 100 feet of the railroad, and that the railroad claimed the right to use this 100 feet and to erect buildings and grant to others the right to erect buildings on it for receiving and delivering its freight; that buildings were erected on this strip in defiance of plaintiff's protest, and the plaintiff took no steps to prevent it; that plaintiff brought several suits for possession, and abandoned the suits. The defendant denied the plaintiff's title, and claimed to have derived its possession from the railway.

It is true that there is evidence that one of defendant's agents had a parol agreement with plaintiff to lease the land for the defendant from the plaintiff, but that, when the lease was sent to those authorized to act for the defendant, it was promptly repudiated. The question under all the testimony was for the jury, and this Court cannot set the verdict aside or say that his Honor, the trial Judge, was in error in not doing so.

The judgment is affirmed.